UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAWSON GOODPASTER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:09-CV-00059 |
| ) | |
| MATERIALS HANDLING EQUIPMENT ) | |
| CORP., et al., ) | |
| ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a motion to compel filed by Defendant ECP American Steel, LLC ("ECP"), requesting that the Court compel Plaintiff Dawson Goodpaster to fully respond to its Second Request for Admissions and Second Set of Interrogatories. (Docket # 129.) Goodpaster responded to the motion on July 1, 2013 (Docket # 133), and oral argument was held and concluded one week later. (Docket # 134.) For the following reasons, ECP's motion to compel will be GRANTED.

*A. Factual and Procedural Background*

On March 9, 2009, Goodpaster filed this case against his former employer, Defendant Materials Handling Equipment Corp. ("Materials"), advancing claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and state wage laws. (Docket # 1.) The Court conducted a scheduling conference on May 4, 2009, setting a discovery deadline of December 1, 2009. (Docket # 14.)

In May 2010, Defendant Grabill Bank ostensibly received all of Material's assets and simultaneously transferred them to ECP. (Docket # 49.) Goodpaster then amended his complaint on October 27, 2010, naming ECP and Grabill Bank as additional Defendants. (Docket # 49.)

The Court conducted another scheduling conference on February 23, 2011, at which it reopened discovery solely on the issue of successor liability, setting a discovery deadline of June 10, 2011. (Docket # 65.) The Court subsequently extended this discovery deadline three times, all per Goodpaster's request, and discovery closed on September 26, 2011. (Docket # 66-67, 70-74.)

On December 15, 2011, ECP filed a motion for summary judgment. (Docket # 80.) The Court on October 24, 2012, granted ECP's motion with respect to Goodpaster's state law wage claim but denied it as to his age discrimination claim. (Docket # 111.) On November 14, 2012, ECP moved to certify the Court's Order for interlocutory appeal (Docket # 114), but the Court denied the motion on March 18, 2013 (Docket # 120).

On April 18, 2013, the District Judge conducted a status conference and set a trial date of September 30, 2013. (Docket # 125.) During the conference, ECP requested an opportunity to engage in limited discovery on Goodpaster's age discrimination claim since its prior discovery was limited solely to the issue of successor liability. (Docket # 125.) Accordingly, on April 29, 2013, ECP served to Goodpaster its Second Request for Admissions, Second Request for Production of Documents, and Second Set of Interrogatories. (Mot. to Compel Disc. ¶ 4.)

On May 30, 2013, ECP received Goodpaster's objections and responses to the discovery request. (Mot. to Compel Disc. ¶ 5.) Goodpaster asserted a "categorical objection" to the Second Request for Admissions and Second Set of Interrogatories, emphasizing that the discovery period was closed. (Mot. to Compel Disc. ¶ 5.) On June 26, 2013, after its attempts to resolve the matter with Goodpaster were unsuccessful, ECP filed the instant motion to compel. (Docket # 129.)

### B. Applicable Legal Standard

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, No. 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. 2003); *Reytblatt v. Nuclear Regulatory Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. 1991). Federal Rule of Civil Procedure 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . . ." For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. Daimler Chrysler*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

### C. Discussion

Here, ECP explains that the original discovery period had already closed by the time it was named as a Defendant in this action. The Court then reopened discovery solely for the limited purpose of permitting a motion for summary judgment on the issue of successor liability; ECP's summary judgment motion, however, was ultimately denied. Consequently, ECP has not had an opportunity to conduct discovery about the basic facts underlying Goodpaster's age discrimination claim, and it contends that it needs these facts to defend itself at trial.

Goodpaster objects to ECP's request to perform additional discovery. He emphasizes that his age discrimination claim is not complex and that the materials he filed in opposition to summary judgment are all that exist, aside from those protected by the attorney-client privilege or work-product doctrine. As he sees it, there is "nothing to supplement" concerning discovery since the case is quickly approaching trial. (*See* Docket # 134.) He contends that granting ECP's

motion to compel would, in effect, allow ECP a "second bite of the age discrimination apple." (Pl.'s Resp. 5.)

Goodpaster's objections, however, are unpersuasive, as ECP has never had a "first bite" at discovery on the underlying discrimination claim.  Indeed, Goodpaster does not dispute that it named ECP *after* the close of the original discovery period.  To reiterate, Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense . . .," and Goodpaster does not suggest that the discovery ECP seeks is irrelevant.  Nor does he argue that the requested discovery is unreasonably cumulative or duplicative or overly burdensome. *See* FED. R. CIV. P. 26(b)(2)(C)(i).

And considering that its motion seeking an interlocutory appeal was denied in March 2013, ECP has not unduly delayed in seeking this additional discovery and in filing the motion to compel. *See Banks v. CBOCS West, Inc*., No. 01 C 0795, 2004 WL 723767, at *1 (N.D. Ill. Apr. 1, 2004) (citation omitted) ("As a general rule, if a moving party has unduly delayed in filing a motion for an order compelling discovery, a court may conclude that the motion is untimely.").
Moreover, to the extent Goodpaster contends that the requested discovery seeks materials protected by the attorney-client privilege or work-product doctrine, he may produce a privilege log that lists each separate document he claims to be beyond discovery. *See, e.g.*, *Muro v. Target Corp*., No. 94 C 6267, 2006 WL 3422181, at *1, 6 (N.D. Ill. Nov. 28, 2006).

For all of these reasons, the Court will GRANT ECP's motion to compel.

### *D.  Conclusion*

The motion to compel filed by Defendant ECP (Docket # 129) is GRANTED.  Plaintiff is

DIRECTED to fully respond to ECP's Second Request for Admissions and Second Set of Interrogatories on or before July 22, 2013.

    SO ORDERED.

    Enter for July 8, 2013.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
